UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

MILFORD MAXWELL JR,

                    Plaintiff,                Case No. 08 CV 3583 (HB)

        v.


NEW YORK UNIVERSITY
and CHRISTOPHER CONNELLY,

                    Defendants.

―――――――――――――――――――――――――――

NEW YORK UNIVERSITY,

           Counterclaim Plaintiff,

        v.

MILFORD MAXWELL, JR.,

           Counterclaim Defendant.


―――――――――――――――――――――――――――


**AMENDED ANSWER OF DEFENDANTS NEW YORK
UNIVERSITY AND CHRISTOPHER CONNELLY TO THE AMENDED
COMPLAINT, WITH COUNTERCLAIM**

Defendants, New York University ("NYU") and Christopher Connelly, by their

undersigned attorneys, answer the amended complaint as follows:

    1.      Admit the allegations of paragraph I.A.

    2.      Admit the allegations of paragraph I.B.

    3.      Responding to Paragraph II.A, state that it contains a legal conclusion to

which no responsive pleading is required.

    4.      Responding to Paragraph II.B, state that it contains a legal conclusion to

which no responsive pleading is required.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.A.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.B.

7.    Deny the allegations of paragraph III.C.1, except admit that plaintiff attended classes at NYU in 2005 and 2006.

8.    Admit the allegations of paragraph III.C.2.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.3, except admit that plaintiff received financial assistance from the Office of Vocational and Educational Services for Individuals with Disabilities ("VESID").

10.    Admit the allegations of paragraph III.C.4.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.5.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.6.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.7, except admit that the NYU Office of Financial Aid received a letter from the plaintiff dated February 21, 2006 with an attached letter from the Selective Service Administration.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.8.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.9.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.10.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph III.C.11.

18.    Admit the allegations of paragraph III.C.12.

19.    Deny the allegations of paragraph III.C.13.

20.    Deny the allegations of paragraph III.C.14.

21.    Responding to paragraph IV.15, admit that Christopher Connelly mailed plaintiff a letter dated March 31, 2006 and refer to that letter for a true and accurate statement of its contents.

22.    Admit the allegations of paragraph IV.16.

23.    Admit the allegations of paragraph IV.17.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV.18.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV.19, except admit that plaintiff was reported to a collection agency for the amounts owed to NYU.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV.20.

27.    Admit the allegations of paragraph IV.21.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

28.     Plaintiff has failed to state a claim on which relief can be granted as against defendant NYU, because all of the actions that NYU took of which Plaintiff complains were taken in accordance, and to comply, with the applicable law.

### Second Affirmative Defense

29.     Plaintiff has failed to state a claim on which relief can be granted as against defendant Connelly, because plaintiff does not and cannot allege that Connelly engaged in any wrongdoing.

### Third Affirmative Defense

30.     The statutes upon which plaintiff purports to rely neither authorize the relief he seeks in this action, nor authorize the filing of any private action.

### Counterclaim of New York University

Defendant New York University, as Counterclaim Plaintiff, by its undersigned attorneys, for its counterclaim against the Plaintiff, Milford Maxwell, Jr., as Counterclaim Defendant ("Maxwell"), alleges as follows:

Parties

1.     New York University is a New York education corporation with its principal place of business at 70 Washington Square South, New York, New York 10012.

2.     Maxwell attended New York University's School of Continuing and Professional Studies during the 2005-2006 academic year.

4

Jurisdiction & Venue

3.    Maxwell subjected himself to the jurisdiction of this Court by filing his complaint.

4.    The Court has supplemental jurisdiction over this counterclaim under 28 U.S.C. § 1367 because it is so related to the claims Maxwell alleges in his complaint that it forms part of the same case or controversy.

Background

5.    Under the Military Selective Service Act, men born on or after January 1, 1960 must register with the Selective Service when they are between the ages of 18 and 26.  50 App. U.S.C. § 453.

6.    Men who fail to register are not eligible for federal financial aid unless they submit documentation that they qualified for an exemption.  Specifically, the governing regulation, 34 C.F.R. § 668.37(d), provides that  a student must demonstrate "by submitting clear and unambiguous evidence to the institution that (1) [h]e was unable to present himself for registration for reasons beyond his control such as hospitalization, incarceration, or institutionalization; or (2) [h]e is over 26 and when he was between 18 and 26 and required to register,  [he] did not knowingly and willfully fail to register with the Selective Service."

7.    If "the person shows by a preponderance of the evidence that the failure of the person to register was not a knowing and willful failure to register," *then* by statute, the "person may not be denied a right, privilege, or benefit under Federal law." 50 App. U.S.C. 462(g).

8.      The governing regulations, 34 C.F.R. § 668.37(e),  further provide that an institution "may consider that a student did not knowingly and willfully fail to register with the Selective Service *only* if (1) [t]he student submits to the institution an advisory opinion from the Selective Service System that does not dispute the student's claim that he did not knowingly and willfully fail to register; and; (2) [t]he institution does not have uncontroverted evidence that the student knowingly and willfully failed to register.

9.      Maxwell was born on December 7, 1962 and was therefore required to register for the Selective Service when he was between the ages of 18 and 26.  By his own admission, Plaintiff did not register for the Selective Service.

10.     Representatives of NYU informed Maxwell on multiple occasions that failure to submit evidence of registration or that he qualified for an exemption would prevent him from receiving financial aid.

11.     Maxwell applied for financial aid using the Free Application for Federal Student Aid ("FAFSA"), which universities use to determine student eligibility for federal grants and loans.  When Maxwell failed to complete the FAFSA sections regarding Selective Service registration, the FAFSA system generated an alert advising Maxwell that he needed to resolve a Selective Service issue.

12.     NYU advised Maxwell, through a financial aid award letter dated September 29, 2005, that he needed to resolve the Selective Service matter before his financial aid could be disbursed.  NYU instructed Maxwell to submit documentation of his registration or exemption and informed him that "if adequate documentation [was] not provided, [he would] not be eligible for federal/institutional financial aid."  Maxwell received another letter reiterating this information on January 26, 2006.

13.     Maxwell did not submit documentation confirming registration or that he qualified for an exemption.

14.     Instead, Maxwell forwarded to NYU a Status Information Letter he had received from the Selective Service.  This letter indicated that, although Maxwell was required to register and notified of that requirement, the Selective Service had no record of his registration.

15.     Maxwell now asserts that he never qualified for the "Selective Service due to institutionalization."  Maxwell never submitted documentation of his alleged institutionalization to New York University, however.

16.     Maxwell similarly failed to submit "clear and unambiguous evidence" that his failure to register was not knowing and willful.

17.     Based on the Selective Service statutes and the U.S. Department of Education Selective Service Registration regulations and handbook, NYU determined that Maxwell had not submitted the evidence necessary to entitle him to financial aid. Consequently, Maxwell received a letter and email, dated March 31, 2006, informing him that his financial aid had been canceled.

18.     Under the regulations, NYU was required to allow Maxwell "until the end of the award year" to provide evidence of his registration or exemption.  34 C.F.R. § 668.37(c)(2).  NYU complied with these regulations and permitted Maxwell to remain registered throughout the 2005-2006 academic year.

## NYU's First Counterclaim

### (Breach of Contract)

19.     Although Maxwell was on notice of the risk that NYU would be legally required to cancel his financial aid, he continued to take courses through the 2005-2006 academic year and to incur charges for tuition and fees for those courses.

20.     After Maxwell lost his financial aid, he remained obligated to pay all of the educational expenses he had incurred, which amounted to approximately $20,000 in the aggregate.  Over the course of two years, finance charges have been applied to Plaintiff's outstanding balance and these charges continue to accrue.

21.     In addition, Maxwell purchased a computer from the NYU Computer Store, and elected to defer payment of a portion of the cost of the purchase.  As a result of the deferred payment, Maxwell owes $663.50 to the NYU Computer Store.

22.     Maxwell received $825.00 in financial assistance from the Office of Vocational and Educational Services for Individuals with Disabilities ("VESID") to cover his student contribution.  NYU applied the VESID contribution to Maxwell's account, reducing his outstanding balance.

23.     Maxwell's current account balance as of the date of this counterclaim, which he has failed to pay despite due demand, is $20,913.09.

WHEREFORE, defendants NYU and Christopher Connelly demand judgment

dismissing the complaint and pray for relief as follows:

1.      Awarding NYU its actual contract damages in an amount to be determined

at trial, together with costs, disbursements, and pre- and post-judgment interest;

2.      Awarding both defendants the attorneys fees, costs and disbursements

incurred by reason of this action; and

3.      Granting such other and further relief as is just and proper.

Dated:  New York, New York
        July 28, 2008


                                        New York University
                                        Office of Legal Counsel


                        By:     s/_____
                                Nancy Kilson (NK-4557)
                                Associate General Counsel
                                70 Washington Square South
                                New York, New York   10012
                                (212) 998-2258
                                nancy.kilson@nyu.edu

                                Attorney for Defendant,
                                New York University

<u>Certificate of Service</u>

I hereby certify that I caused a true copy of the annexed Amended Answer of

Defendants New York University and Christopher Connelly to the Amended Complaint,

with Counterclaim to be served on the party listed below by UPS for overnight delivery

this 30th day of July, 2008:

Mr. Milford Benjamin Maxwell
51 McDougal Street, # 207
New York, New York  10012

  Plaintiff *Pro Se*

        s/_____
          Nancy Kilson