UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILFORD MAXWELL JR,

                Plaintiff,        Case No. 08 CV 3583(HB)

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

NEW YORK UNIVERSITY
and CHRISTOPHER CONNELLY,

                Defendants.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants New York University ("NYU") and Christopher Connelly hereby request that Plaintiff Milford Maxwell produce for inspection and copying the following documents at 10:00 a.m. on October 7, 2008 at 70 Washington Square South, 11th Floor, New York, New York 10012 in accordance with the following definitions and instructions.

## DEFINITIONS and INSTRUCTIONS

**A. Scope of Requests**. In responding to this request, you are to produce all designated documents/tangible items in your possession, custody, or control. This includes documents in the possession, custody, or control of your attorneys (if any), their investigators, or any third party or parties to whom you have surrendered possession, custody, or control, or who upon your request would surrender possession, custody, or control to you.

**B. Uniform Definitions in Discovery Requests.** These requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests set

forth in Local Civil Rule 26.3.  Copies of Local Civil Rule 26.3 and Rule 34 of the Federal Rules of Civil Procedure are annexed hereto.

   **C. "NYU" Defined.**  As used herein, the term NYU is defined as New York University (including but not limited to New York University's Office of Financial Aid) and all present and former employees, officers and agents of New York University.

   **D. "Complaint" Defined**.   As used herein the term "complaint" refers to the Amended Complaint, filed by plaintiff in the above-captioned action on June 9, 2008.

   **E. Entire Documents.**  Each request for documents to be produced, whether memoranda, reports, letters, or other documents of any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

   **F. Missing Documents.**  If you cannot produce a document after exercising due diligence to secure it, so state in writing and produce whatever portion of the document possible, specifying your inability to produce the remainder and stating whatever information or knowledge you have concerning the document you are unable to produce, including but not limited to the content or substance of such document.  If any such document was, but is no longer in your possession, custody, or control, state what disposition was made of it and the reason for such disposition.

   **G. Documents/Tangible Items That Have Been Destroyed.**  In the event that any document or tangible item called for by this request has been lost or destroyed, that document is to be identified in writing as follows:  addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, manner

of loss or destruction, person who authorized destruction, and person who lost of destroyed document.

   **H. No Responsive Documents in Existence**.  If you cannot produce documents/tangible items in response to a request because no documents/tangible items have never existed, so state in writing.

   **I. Requests Continuing.**  This request shall be deemed continuing, so as to require further and supplemental production if you receive or generate additional documents/tangible items in the designated categories between the time of original production and the time of trial.

## **REQUESTS**

  1. All documents concerning any communications you had with NYU or any employee of NYU (including but not limited to Christopher Connelly) regarding financial aid (including but not limited to any requirement to register with the United States Selective Service).

  2. All documents concerning any communications you had with the U.S. Department of Education regarding financial aid (including but not limited to the Selective Service registration requirement and your Free Application for Federal Student Aid completed and submitted for the 2005-2006 academic year).

  3. All documents concerning funding from the Office of Vocational and Educational Services for Individuals with Disabilities (VESID), including but not limited to information on the requirements to receive funding, your application for the funding, and any documentation you submitted to VESID in support of your application.

4. All documents concerning your registration (or lack thereof) with the Selective Service.

5. All documents concerning any communications you had with the Selective Service and any of its employees.

6. All documents concerning any alleged confinement, incarceration, hospitalization, or institutionalization for any reason for all dates, including but not limited to the period from December 7, 1980 to December 7, 1988.

7. All documents concerning any alleged disability, including but not limited to medical and psychiatric care records.

8. All documents concerning Social Security Disability payments, including but not limited to documents evidencing the duration of such payments.

9. All documents concerning your allegation in paragraph III.C.13 of the Complaint that "Chris Connelly and New York University did discriminate against the disabled by keeping VESID's payments and returning all others."

10. All documents concerning your allegation in paragraph III.C.14 of the Complaint that "[d]efendant's one and all abused their discretion and literally violated Selective Service act 12(g) and the purpose of The American with Disabilities Act."

11. All documents concerning your allegation in paragraph IV.18 of the Complaint that "[p]laintiff's ability to educate himself and get a job has been greatly diminished."

12. All documents concerning your allegation in paragraph IV.19 of the Complaint that "[p]laintiff's credit standing has been decimated by Defendants' New York University reporting of plaintiff to collection agencies," including but not limited to

documentation of your credit score and credit report prior to October 24, 2006 and between October 24, 2006 and January 1, 2007.

13. All documents concerning any communications you had with NYU, including but not limited to the NYU Bursar-Credit Department, and any collection agency or other agency seeking to collect the debt owed to NYU.

14. All documentation supporting your allegation that you have been damaged in the amount of $177,000.00, including but not limited to an itemized list of the elements of the damage.

Dated: New York, New York
       September 4, 2008

                                New York University
                                Office of Legal Counsel

By:  s/_____
     Nancy Kilson (NK-4557)
     Associate General Counsel
     70 Washington Square South
     New York, New York  10012
     (212) 998-2258
     nancy.kilson@nyu.edu

     Attorney for Defendant,
     New York University

Certificate of Service

I hereby certify that I caused a true copy of the annexed First Request for Production of Documents by Defendants New York University and Christopher Connelly to be served on the party listed below by UPS for overnight delivery this 4th day of September, 2008:

Mr. Milford Benjamin Maxwell
51 McDougal Street, # 207
New York, New York  10012

    Plaintiff *Pro Se*

                                                s/_____
                                                             Nancy Kilson