UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOURK
------------------------------------------------------------------------x
MILFORD BENJAMIN MAXWELL,                          :
                                                                              :
                                Plaintiff,       :      08 CV 3583 (HB)
                                                                              :      **OPINION & ORDER**
                    -against-                    :
                                                                              :
NEW YORK UNIVERSITY and                            :
CHRIS CONNELLY                                            :
                                                                              :
                              Defendants.    :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       Plaintiff Milford Maxwell Jr. ("Maxwell") moves under Fed. R. Civ. P. 12(f) to strike the counterclaim filed by Defendants New York University ("NYU") and Chris Connelly ("Connelly") and under Fed. R. Civ. P. 12(e) for a more definite statement.  For the following reasons Plaintiff's motions are DENIED.

## BACKGROUND

       Maxwell, a former student at NYU, filed an amended complaint on June 9, 2008 against NYU and Connelly, an employee in NYU's financial aid office.  Maxwell alleges that cancellation of his financial aid "because of [a] Selective Service Issue," was improper because he never "qualified for the draft or Selective service due to [his] institutionalization between the ages of 18 to 26."  Am. Compl. ¶¶ 12, 15.  Maxwell alleges Defendants' conduct was discriminatory and violated the Selective Service Act and the Americans with Disabilities Act.  (Id. at ¶¶13, 14).

       On July 28, 2008, Defendants answered the Amended Complaint and asserted against Maxwell a counterclaim for breach of contract (the "Counterclaim") for unpaid educational expenses in the amount of $20,915,09.  Defs.' Am. Ans. ¶20.  Defendants allege that after they notified Maxwell that his financial aid would be cancelled if he did not provide evidence that he had registered with the Selective Service or that was exempt from doing so, Maxwell continued to incur educational expenses during the 2005-06 academic year.  Am. Ans. and Countercl. ¶¶12-20.  Maxwell filed the instant motions for a more definite statement and to strike the Counterclaim on September 15, 2008.

1

## DISCUSSION

**A.     Plaintiff's Motion to Strike NYU's Counterclaim in Denied.**

Maxwell moves to strike the Counterclaim on the basis that this Court lacks subject matter jurisdiction over the breach of contract claim. (Aff. in Supp. of Pl.'s Mot. ¶¶ 9,10). However, because this Court has original jurisdiction over Maxwell's federal-law claims, it also has supplemental or "pendent" jurisdiction over the Counterclaim pursuant to 28 U.S.C. §1367 because the claims are so related that they  "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367.

A state and federal claim are considered part of the same "case or controversy" under Section 1367 if they "derive from a common nucleus of operative fact."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *accord City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).  However, the Supreme Court has made clear that a district court's power to hear a case by virtue of supplemental jurisdiction, "need not be exercised in every case in which it is found to exist . . . pendent jurisdiction is a doctrine of discretion." *Gibbs*, 383 U.S. at 725-726.  Thus, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  Furthermore, a district court may decline to exercise supplemental jurisdiction over a claim for one of the reasons enumerated in 28 U.S.C. 1367(c).

First, Maxwell's federal law claims and the Counterclaim "derive from a common nucleus of operative fact" because they arise from the same events and concern the same parties: both concern payment for Maxwell's educational expenses at NYU during the 2005-06 academic year.  *See, e.g.*, *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d. Cir. 2004) (finding that credit discrimination claim and state-law debt-collection counterclaims met the "common nucleus" test of *Gibbs* because both "originate from the Plaintiffs' decisions to purchase Ford cars.").  Moreover, this Court's resolution of Maxwell's claim will almost certainly bear upon the merits of the Counterclaim:  if NYU's cancellation of Maxwell's financial aid is determined to been a violation of federal law as Maxwell contends, then such determination may affect his personal liability for educational expenses incurred after the cancellation.

Second, none of the four grounds set out in subsection 1367(c) warrant this Court's exercise of its discretion to decline to assert supplemental jurisdiction over the Counterclaim. *See Jones*, 358 F.3d at 214.  The Counterclaim, a simple breach of contract claim, does not raise a novel or complex issue of state law.  Nor does it "substantially predominate" over the federal law claim, as both Maxwell's claims and the Counterclaim are likely to turn on the issue of Maxwell's compliance with, or exemption from, the requirements of the Selective Service Act.  This Court has not dismissed Maxwell's claims, so subsection 1367(c)(3) is inapplicable.  Lastly, there are no "exceptional circumstances" or "compelling reasons" to decline supplemental jurisdiction over the Counterclaim pursuant to subsection 1367(d).

Finally, exercise of supplemental jurisdiction over the Counterclaim comports with the "considerations of judicial economy, convenience and fairness to litigants" upon which Section 1367 is based. *Gibbs,* 383 U.S. at 725.  With Maxwell's federal law claims squarely before this Court, it is more efficient for this Court to concurrently determine the merits of the Counterclaim; doing so will be more convenient for both parties and will not be unduly prejudicial or unfair to either of them. Therefore, Maxwell's motion to strike the counterclaim is DENIED.

### B.  Plaintiff's Motion for a More Definite Statement is Denied.

Maxwell moves for a more definite statement under Fed. R. Civ. P. 12(e), contending that he cannot respond to the counterclaim because it "skimps on the facts" and it is "both vague and ambiguous." Under Rule 12, a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e).

However, "[a] motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Tagare v. NYNEX Network Systems Co.* 921 F.Supp. 1146, 1153 (SDNY 1996) (quoting *Bower v. Weisman,* 639 F.Supp. 532, 538 (SDNY 1986))  "The Rule 'is designed to remedy unintelligible pleadings, not to correct for lack of detail.'" *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,* 2005 WL 1500893, *2 (S.D.N.Y. Jun. 24, 2005) (*quoting Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO,* 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994).

Maxwell contends that Paragraphs 10 and 15 of the Counterclaim are too vague to permit him to respond and requests that Defendants present exhibits related to those allegations. Pls. Mem. at 5. Paragraphs 10 and 15, respectively, allege that NYU informed Maxwell that his failure to submit evidence of registration with Selective Service could lead to loss of his financial aid, and that Maxwell never submitted documentation of his alleged institutionalization to NYU. Defs.' Am. Ans. ¶¶ 10,15. Such allegations satisfy the "bare bones notice-pleading requirements of Federal Rule of Civil Procedure 8(a), *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005), which require only "a short and plain statement of the claim." *See e.g.*, *Swierkiewicz v. Sorema N. A.* 534 U.S. 506, 512 (2002); *Bower v. Weisman*, 639 F.Supp. 532, 538 (SDNY 1986) ("The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose.")

To the extent that Maxwell disputes the accuracy or import of Defendant's allegations, a motion under Rule 12(e) for a more definite statement is not the proper procedural vehicle to attack the merits of the Counterclaim. The preferred course is for Maxwell to use the discovery process to obtain a more comprehensive understanding of the factual basis for the Counterclaim and the merit of the allegations contained therein. *See Tagare*, 921 F.Supp. at 1153. Accordingly, Maxwell's motion for a more definite statement is DENIED.

## CONCLUSION

For the foregoing reasons, Maxwell's motion to strike the Counterclaim is DENIED and Maxwell's motion for a definite statement is also DENIED. Pursuant to the Order of this Court dated July 11, 2008 and the <u>revised</u> endorsement of this Court dated December 4, 2008, the discovery deadline is today, December 30, 2008, dispositive motions are due by January 25, 2009, and this case remains on the April 2009 trial calendar.

**IT IS SO ORDERED.**
New York, New York
December 31, 2008

_____
U.S.D.J.

4